UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| v. § | CRIMINAL NO. 2:17-420 | |
| § | CIVIL NO. 2:18-225 | |
| DOLORES GUTIERREZ, § | | |
| Defendant/Movant. § | | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Dolores Gutierrez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 32.[1] Pending before the Court is the United States of America's (the "Government") Motion for Judgment on the Record (D.E. 45), to which Movant did not respond.

### I. BACKGROUND

In 2015, a Drug Enforcement Administration (DEA) task force began an investigation into the trafficking of cocaine, crack, and methamphetamine in Corpus Christi, Texas, which revealed that Movant and her boyfriend, Martin Lee Rodriguez, were involved in drug trafficking. On October 12, 2016, Movant was a passenger in Rodriguez' car when he was stopped for a traffic violation. Based on their behavior, officers suspected the two were transporting drugs. After Rodriguez consented to a search of the vehicle, a drug-detecting canine alerted to the driver's side door. Meanwhile, officers conducting a pat-down search of Movant discovered a small bag of marijuana and a grinder in her bra and two loaded firearms in the waistband of her pants. After being given her *Miranda* warnings, Movant told officers they would find more narcotics and weapons at her home. Officers obtained a search warrant for the residence shared by Movant and

---

1. Docket entries refer to the criminal case.

1

Rodriguez and found 14 more functioning firearms and ammunition, along with a small amount of crack cocaine, 59 grams of powder cocaine, and 23 grams of methamphetamine.

Movant was charged with possession with intent to distribute 23 grams of methamphetamine (Count One), being a felon in possession of two firearms (Count Two), and being a felon in possession of 14 firearms (Count 3). On November 20, 2017, she pled guilty to the methamphetamine charge. In exchange for her guilty plea, the Government agreed to dismiss Counts Two and Three and recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived her right to appeal or file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

At rearraignment, the Assistant United States Attorney (AUSA) offered a summary of the offense conduct to support a finding of guilt on the methamphetamine charge. When the Court asked Movant if the AUSA's statement regarding her conduct was correct, Movant initially stated that the methamphetamine and other drugs discovered at her residence were for her own personal use, and she had not distributed drugs to anyone else or assisted her boyfriend in doing so. The Court took a short recess so that Movant could confer with her counsel, after which the following exchange occurred:

> DEFENDANT GUTIERREZ: I misunderstood you. I thought the whole thing was focused on what [the AUSA] was saying about the other people involved. But, yes, my neighbor—I would sell it to my neighbor.
>
> THE COURT: You would sell it to your neighbor?
>
> DEFENDANT GUTIERREZ: Yes. She would buy the meth and some coke from me.
>
> THE COURT: All right. Very well. I'm going to ask you then, to the charges in Count One, how do you plead? Guilty or not guilty?
>
> DEFENDANT GUTIERREZ: Guilty, sir.

11/20/2017 Rearraign. Tr., D.E. 39 at 26:8-18.

With this explanation, the Court found that Movant entered her plea knowingly and voluntarily and that there was a factual basis to support a finding of guilt. The Court accepted her plea, found her guilty, ordered the preparation of a presentence investigation report (PSR), and set the case for sentencing.

The PSR assigned Movant a base offense level of 26 based on 23 grams of 100% pure (actual) methamphetamine. Two levels were added pursuant to U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed in connection with the offense. Movant was given a three-level adjustment for acceptance of responsibility. The resulting advisory Guideline range for Level 25, Criminal History Category II, was 63–78 months. Sentencing was held on February 20, 2018. Defense counsel did not lodge any objections to the PSR, but he did argue for a sentence at the lowest end of the Guidelines based on Movant's lifelong history of substance abuse. The Court adopted the PSR without change and sentenced Movant to 67 months' imprisonment, to be followed by 4 years' supervised release.

Judgment was entered February 26, 2018. Movant's conviction became final on March 12, 2018, the last day on which she could have filed a notice of appeal. Movant filed the current motion under 28 U.S.C. § 2255 on July 30, 2018. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant alleges that defense counsel was constitutionally ineffective because:

A. He failed to review her case file or plea agreement with her, and he did not explain her potential sentencing exposure if she pled guilty;

B. He failed to object to the enhancement for possessing a dangerous weapon; and

C. He failed to inform the Court that Movant had a drug problem and the methamphetamine she possessed was for personal use.

## III. ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a

movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### 1. Failure to review case file, plea agreement, and sentencing exposure

In Ground One of her motion, Movant complains that her counsel "didn't verify my case, the Discovery Packet with me or the plea agreement and how much time I would be facing if I pleaded guilty." D.E. 21, p. 4.

Movant testified under oath at rearraignment that she had received a copy of the indictment and had discussed it with her attorney. Rearraign. Tr. at 7:17-24. She said she understood the allegations and was "satisfied with the services [counsel] has provided." *Id.* at 7:25–8:5. Movant stated that she and counsel read the plea agreement together and then she read it again by herself. *Id.* at 9:14-17. They discussed her plea agreement, counsel answered her questions, and she understood the provisions of the agreement. *Id.* at 9:18-25. The Court advised Movant that she was subject to a mandatory minimum sentence of 5 years' imprisonment up to a maximum of 40 years, a 4-year term of supervised release, and a fine of up to $5,000,000. *Id.* at 12:1-7. Movant testified that she understood. *Id.* at 12:11. The Court then explained to Movant how her sentence would be computed under the federal Sentencing Guidelines. *Id.* at 12:25– 13:24. Movant again said she understood. *Id.* at 14:5-9.

Movant's sworn statements in open court that she was satisfied with counsel's services and that she understood the charges against her, the plea agreement, and her potential sentencing exposure are entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*,

251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements made under oath in open court "carry a strong presumption of verity" and create a "formidable barrier" in subsequent proceedings)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Movant does not claim that her guilty plea was unknowing or involuntary, nor has she shown how the outcome of her case would have been different but for counsel's performance. Accordingly, this claim has no merit.

### 2. Failure to object to the firearm enhancement

In Ground Two, Movant claims her counsel was ineffective at sentencing for failing to object to the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed in connection with the offense.

"The enhancement for weapon possession . . . should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." U.S.S.G. § 2D1.1(b)(1), comment. n.11(A). In this case, Movant had drugs and two loaded handguns on her person at the time of her arrest, and she admitted she had more narcotics and weapons at home. There, agents found 15 firearms, powder and crack cocaine, and the methamphetamine involved in the instant offense. According to the PSR, 14 of the firearms functioned properly and were found in close proximity to the methamphetamine. D.E. 25 ¶¶ 8, 9, 15. Because the evidence clearly supports the application of the firearm enhancement, any objection would have been futile. Counsel was not ineffective for failing to raise such an objection.

### 3. Failure to argue that the methamphetamine was for personal use

In Ground Three, Movant complains that she informed counsel she had a drug problem and that the methamphetamine discovered at her residence was for her own personal use. She appears to assert that counsel was ineffective for failing to argue that: (1) she was innocent of the crime

charged because she never intended to distribute the methamphetamine, and/or (2) her drug addiction supported a reduced sentence.

As set forth in Part I *supra*, Movant initially testified at rearraignment that the drugs discovered in her home were for her own personal use. However, after consulting with counsel, Movant admitted that she would sell methamphetamine and cocaine to her neighbor. Moreover, counsel did argue that Movant's drug addiction should be considered a mitigating factor at sentencing. Counsel requested a sentence at the lowest end of the Guidelines and asked the Court to consider "some type of mandatory therapy," explaining that "what got [Movant] back involved in this case, in this activity, is her addiction to drugs. As the Court will note that she admitted to having a substance abuse addiction problem since the age of ten, unfortunately." 2/20/2018 Sent. Tr., D.E. 41 at 4:9–5:8. There is no merit to this claim.

In sum, Movant has failed to demonstrate that counsel acted unreasonably in any way. Her ineffective assistance of counsel claims are therefore denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Record (D.E. 45) is **GRANTED**; Movant's motion under 28 U.S.C. § 2255 (D.E. 32) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 21st day of May, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE